UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CLARENCE L. RUSSELL**                                                          **PETITIONER**

v.                                          **CIVIL ACTION NO. 5:17-CV-P55-GNS**

**WARDEN AARON SMITH**                                       **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Clarence L. Russell filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with an attached statement of claims (DN 1). The petition is before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Court will dismiss this action for failure to exhaust all available state court remedies.

**I.**

The petition indicates that Russell is challenging his conviction in the Fulton County Circuit Court in which he was sentenced on January 27, 2010, in Case No. 09-CR-00045 to fifteen years in prison for sexual abuse in the first degree, criminal attempt, unlawful transaction with a minor, and terroristic threatening. On his § 2254 petition form, Russell indicates that in January 2017 he filed in that Fulton Circuit Court criminal case a petition, application, or motion raising claims related to due process. Elsewhere on the form, he indicates that he has filed "a 11.42 an 60.02 in Fulton County Circuit Court, Ky. Wait answer from court."

**II.**

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b)[1]; *Hannah v.*

---

[1] Section 2254(b)(1) states in pertinent part:

*Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam).  Any alleged constitutional deprivations must be asserted through the state appellate process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*  The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Russell's § 2254 petition clearly indicates that he has post-conviction motions challenging his convictions pending in state court.  Although a federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings in limited circumstances, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), when a federal habeas corpus petition contains solely unexhausted grounds for relief, as is the case here, the court should dismiss the federal habeas corpus petition without prejudice.  *See Dewey v. Horton*, No. 2:17-cv-1-0694, 2017 WL 1151158, at *3 (E.D. Mich. Mar. 28, 2017) (citing *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006)); *United States v. Hickman*, 191 F.

---

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

App'x 756, 757 (10th Cir. 2006) ("Traditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice . . . stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first."); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (dismissing petition after concluding that the stay and abeyance procedure does not apply to a habeas petition containing only unexhausted claims); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio Mar. 31, 2009) (finding habeas petition subject to dismissal where petitioner did not exhaust any of his state court remedies on any of the claims presented in the petition); *Wilson v. Warren*, No. 06-cv-15508, 2007 WL 37756, at *2 (E.D. Mich. Jan. 4, 2007) ("[I]n this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court.").

### III.

The Court further notes that many of the allegations Russell makes in the instant action concern claims for damages or relate to conditions of confinement which this Court does not consider in this habeas proceeding. These claims must be raised in a complaint filed under 42 U.S.C. § 1983. Therefore, the Court will dismiss the instant petition without prejudice by separate Order. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that habeas petitions alleging a denial of a federal right by a state actor "have been dismissed without prejudice to a petitioner's potential § 1983 claims, allowing the prisoner to later bring any civil rights claims properly").

The Clerk of Court is **DIRECTED** to send a 42 U.S.C. § 1983 form to Russell should he wish to raise these civil-rights claims in a separate § 1983 action.

### CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: July 24, 2017

                                                                                                      **Greg N. Stivers, Judge**
                                                                                                      **United States District Court**

cc:      Petitioner, *pro se* (w/ § 1983 packet)
           Respondent
           Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
              1024 Capital Center Drive, Frankfort, KY 40601
4416.009